UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Khaled Rabbah, Yousif Araj, and
Jumana Araj,

      Plaintiffs,

v.                                                                    Case No. 12-14599

Federal Home Loan Mortgage Corp.,                   Honorable Sean F. Cox

      Defendant.
_____/

## OPINION & ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS AND/OR
## MOTION FOR SUMMARY JUDGMENT

This action is yet another instance wherein Plaintiffs' Counsel, attorney Emmett

Greenwood, has filed his standard "cookie-cutter" complaint, on behalf of an individual who has

lost a home to foreclosure, that fails to state any claim upon which relief may be granted.  The

matter is currently before the Court on Defendant's Motion to Dismiss and/or for Summary

Judgment.  The Court finds that oral argument would not aid the decisional process.  *See* Local

Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan.  The Court therefore orders that

the motion will be decided upon the briefs.  For the reasons below, this Court shall GRANT

Defendant's motion and shall dismiss this action.

## BACKGROUND

**A.**    **Procedural Background**

On or about September 21, 2012, Plaintiffs Khaled Rabbah, Yousif Araj, and Jumana

Araj (collectively "Plaintiffs") filed suit against Defendant Federal Home Loan Mortgage

1

Corporation in Wayne County Circuit Court. In Plaintiffs' Amended Complaint, they assert the following claims: "Quiet Title" (Count I); "Assignment of the Mortgage Without the Note" (Count II); "Unjust Enrichment" (Count III); "Breach of Implied Agreement/Specific Performance" (Count IV); and "Breach of MCL 3205(c)" (Count V). Defendant removed the matter to this Court, pursuant to 12 U.S.C. § 1452(f).

On October 31, 2012, the Honorable Patrick J. Duggan dismissed a nearly identical complaint filed by Mr. Greenwood on behalf of another plaintiff and in doing so he noted:

> Plaintiff's counsel, Emmett Greenwood, appears to be surviving in this economy by filing lawsuits on behalf of individuals who have lost their homes to foreclosure. In the current year, alone, he was filed more than fifty cases in this District (or which have been removed to this District from state court) on behalf of such individuals.

*Saroki v. Bank of New York Mellon*, 2012 WL 5379169 at *1 (E.D. Mich. Oct. 31, 2012) (listing cases). Judge Duggan further stated:

> Unfortunately for the individuals he represents, Mr. Greenwood has filed the identical cookie-cutter complaint in every case (at least those filed in the last year) and the judges in this District consistently have held that the complaint fails to state a claim upon which relief may be granted. The Complaint filed in the present case is no exception and thus the Court is granting Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed October 11, 2012.

*Id.* Judge Duggan further noted that "Mr. Greenwood has not only filed the same complaint in every case, but at least in the last two of his cases handled by the undersigned, he has filed the identical brief in response to the defendant's motion to dismiss." *Id*. at *1 n.1.

On November 7, 2012, this Court notified the parties of a Scheduling Conference in this action on December 14, 2012. (D.E. No. 5). Plaintiff's Counsel failed to appear for the Status Conference. (*See* 12/10/12 Minute Entry).

Beginning at least as early as November 9, 2012, Chief Judge Gerald Rosen began

issuing show cause orders, in several cases pending before him in this district, requiring Mr. Greenwood to show cause why those actions should not be dismissed and to show cause why he should not be sanctioned for his conduct pursuant to Fed. R. Civ. P. 11.  (*See, e.g.* D.E. No. 5 in Case No. 12-12589, D.E. No. 5 in Case No. 12-14149, D.E. No. 5 in Case No. 12-11996, D.E. No. 5 in Case No. 12-12965).  In no uncertain terms, Chief Judge Rosen advised Mr. Greenwood that he was considering imposing sanctions against him for having filed complaints and briefs lacking factual support and not warranted by existing law or by any nonfrivolous argument for extending or modifying existing law, in violation of Fed. R. Civ. P. 11(b).

On January 3, 2013, Defendant filed a "Motion to Dismiss Pursuant to FRCP 12(b)(6) And/Or Motion For Summary Judgment Pursuant To FRCP 56" in this action.  (D.E. No. 7).

On January 8, 2013 – *after* Mr. Greenwood was on notice that Chief Judge Rosen was considering Rule 11 sanctions for his having filed "cookie-cutter" complaints and response briefs without factual or legal support in several cases in this district – Mr. Greenwood filed a response brief  opposing Defendant's Motion.  (D.E. No. 8).  Notably, that response brief is virtually[1] identical to the response briefs he has filed in other cases.  (*See, e.g.* D.E. No. 9 in Case No. 12-11996).  Although Mr. Greenwood added an additional count to his standard cookie-cutter complaint when he filed this action (i.e. the Assignment of the Mortgage Without the Note claim), because he filed his standard cookie-cutter response brief in response to Defendant's motion, he did not address or dispute the challenges to that additional claim.

---

[1]The brief filed by Mr. Greenwood in this case has a different font than the brief filed in Case No. 12-11996 and includes additional spacing errors.

**B**.      **Factual Background**

Like the complaints filed in other cases by Mr. Greenwood, Plaintiffs' Amended Complaint includes remarkably few factual allegations.  Plaintiffs identify the property that is the subject matter of this action as 5717 Hubbell, Dearborn Heights, Michigan 48127 ("the Property").

Without providing any further detailed factual allegations, Plaintiffs allege that: 1) "Plaintiffs claim as [sic] interest in the above-described property as follows: Fee Simple Absolute by way of an executed Warranty Deed"; 2) "Defendants claim an interest in the same property as follows: Fee Simple by way" "of a Sheriff Sale and Sheriff Deed'" 3) "That the Plaintiff purchased the subject property, and the Plaintiff is currently residing in the subject property" 4) "That the Plaintiff, attempted to get a loan modification and/or negotiate in good faith a settlement for the subject property"; 5) "That a Sheriff Sale was held in 2012"; 6) "That since the Sheriff Sale the Plaintiff and their representatives have attempted in good faith to continue with the Settlement process to no avail"; 7) "That the redemption period for the Sheriff Sale has expired"; and 8) "that Defendant must be ordered to continue the processing of the Loan Modification and/or negotiate in good faith a settlement on the subject property so that the Plaintiff can enter into a Loan Modification."  (Pls.' Am. Compl. at ¶¶ 4-12).

In ruling on a motion brought pursuant to Fed. R. Civ. P. 12(b)(6), however, the Court may consider documents referenced in the pleadings that are cental to the plaintiffs' claims or that are the type of which a court generally make take judicial notice, such as public records. *See, e.g., Greenberg v. Life Ins. Co. of Va.,* 177 F.3d 507, 514 (6th Cir. 1999).  Attached to Defendant's motion are two such documents, which reflect the following.

4

On or about May 29, 200,1 Khaled Rabbah, a married man, borrowed $94,400.00, which was secured by a mortgage granted to ABN AMBRO Mortgage Group, Inc., which was recorded with the Wayne County Register of Deeds on July 10, 2001 ("the Mortgage"). (Ex. A to Def.'s Motion). The Mortgage encumbered the Property at issue in this action.

The Mortgage was foreclosed pursuant to the provisions of M.C.L. § 600.3201 *et seq*. (*See* Ex. B to Def.'s Motion). Defendant Federal Home Mortgage Corporation was the successful bidder at the Sheriff's Sale and was granted a Sheriff's Deed on Mortgage Sale dated April 19, 2012, and recorded with the Wayne County Register of Deeds on April 30, 2012. (*Id.*).

Pursuant to M.C.L. § 600.3240, Mr. Rabbah had six months from the Sheriff's Sale to redeem the Sheriff's Deed. That period expired on October 19, 2012, without redemption having been made. (M.C.L. § 600.3240; Pls.' Am. Compl. at ¶ 11).

Neither Plaintiffs' Amended Complaint nor the documents submitted by Defendant shed any light on the basis for claims being asserted by Plaintiffs Yousif Araj and Jumana Araj. Defendant believes that those two individuals may be occupants of the Property.

## ANALYSIS

Defendant's Motion to Dismiss and/or for Summary Judgment seeks dismissal of all of Plaintiffs' claims, on multiple grounds.

**A.    Quiet Title**

Count I of Plaintiffs' Amended Complaint asserts a quiet title claim.

Where a plaintiff seeks to quiet title to property, he or she has the burden of proof and must make out a prima facie case of title to the property. *Beaulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Cnty. Rd. Comm'n,* 236 Mich.App. 546, 550 (1999). Under

Michigan law, a complaint seeking to quiet title to property must allege: 1) the interest the plaintiff claims in the premises; 2) the interest the defendant claims in the premises; and 3) the facts surrounding the superiority of the plaintiff's claim. *Kelly v. Fifth Third Bank*, 2012 WL 4900561 (Mich.App. Oct. 16, 2012); *see also* MCR 3.411.

Here, the allegations in Plaintiffs' Amended Complaint indicate that Defendant has a superior title to the Property, based on the sheriff's sale and expiration of the redemption period. As in *Saroki,* Plaintiffs fail to allege any facts to establish otherwise. *Saroki, supra*, at * 3.  As explained there:

> Michigan statutory law provides a mortgagor of residential property a period of six months from the date of the sheriff's sale to redeem the property. Mich. Comp. Laws § 600.3240(8).  Once the redemption period expires, the purchaser of the sheriff's deed is vested with "all the right, title, and interest" in the property. *Id*. § 600.3236. At that time, the mortgagor may undo the sale only by demonstrating fraud or irregularity in the foreclosure proceedings. *Overton v. Mortg. Elec. Registration Systems,* No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009); *Ellison v. Wells Fargo Home Mortg., Inc*., 09-14175, 2010 WL 3998091, at *4 (E.D.Mich. Oct.12, 2010) (citing *Whitfield v. OCWEN Berkeley Fed. Bank & Trust*, No. 221248, 2001 WL 1699782, at *2 (Mich.Ct.App. Dec. 28, 2001) ("The type of fraud sufficient to set aside a foreclosure sale must generally relate to the foreclosure procedure or sale itself")).

*Saroki, supra*, at *3.

As in *Saroki,* there is no dispute that the redemption period has expired with respect to the Property.  (*See* Pls.' Am. Compl. at ¶ 11).  Plaintiffs fail to allege facts to support a finding of fraud or irregularity in the foreclosure proceedings.  As in *Saroki*, the only alleged wrongdoing set forth in Plaintiffs' Amended Complaint is Defendant's alleged interference with their purported attempt to enter a loan modification or negotiate a settlement to keep the Property. For the reasons set forth in *Saroki*, such allegations are insufficient to establish fraud or an irregularity in the foreclosure proceedings that would justify setting aside the foreclosure sale.

*See Saroki, supra*, at *4.

Accordingly, the Court shall dismiss Count I.

**B.      Unjust Enrichment**

Count III of Plaintiffs' Amended Complaint asserts an unjust enrichment claim.  The

Court concludes that this claim must be dismissed for the reasons set forth in *Saroki*.  As

explained there:

> To plead a claim of unjust enrichment under Michigan law, a plaintiff must establish
> that the defendant received and retained a benefit from the plaintiff, resulting in an
> inequity.  *Fodale v. Waste Mgmt. of Michigan, Inc*., 271 Mich.App. 11, 36, 718
> N.W.2d 827, 841 (2006).  Michigan courts then will imply a contract to prevent the
> defendant from being unjustly enriched.  *Id*.  However, courts will not imply a
> contract where there is an express contract governing the subject matter.  *Id.*

*Saroki, supra*, at *4.

In Count III of Plaintiffs' Amended Complaint, Plaintiffs, like the Plaintiff in *Saroki*,

allege that if the Sheriff's Deed granting title to Defendant "were to stand, Defendants [sic]

would be unjustly enriched in excess of $25,000.00 and Plaintiff [sic] would suffer a loss in that

amount, plus the loss of the subject property as a result of attempting in good faith to modify the

Loan or negotiate a settlement in order to keep possession of her [sic] home."  (Pls.' Am. Compl.

at ¶ 30).  The Note and the Mortgage, however, establish the rights and obligations of the parties

relative to the Property, including Defendant's right to foreclose in the event of non-payment in

accordance with the Note.  Therefore there is an express contract governing the subject matter

and Plaintiffs cannot proceed with an unjust enrichment claim.  *Saroki, supra*, at *5.

Moreover, as in *Saroki,* Plaintiffs fail "to plead that Defendant received a benefit to

which it was not entitled.  Plaintiffs' response to Defendant's motion in which they assert that

Defendant had legal title to the property, the proceeds of the sheriff's sale, and can sue Plaintiffs

for any deficiency, "fares no better in stating a viable unjust enrichment claim." *Id.*  Plaintiffs

merely state that "[t]he inequity to the Plaintiffs is obvious."  (Pls.' Br. at 3).  As was the case in

*Saroki,* it "is not obvious to this Court*." Saroki, supra*, at *5.

Accordingly, the Court shall dismiss Count III with prejudice.

**C.      Breach of Implied Agreement/Specific Performance**

Like the complaint in *Saroki,* Plaintiffs' Amended Complaint contains a count titled

"Breach of Implied Agreement/Specific Performance" (Count IV).  In this count, Plaintiffs seek

an order requiring Defendant to continue processing an alleged loan modification or negotiate a

settlement so Plaintiffs can keep possession of the Property.  In essence, Plaintiffs are "asking

the Court to find an implied agreement requiring Defendant to modify the loan or make some

other agreement enabling [them] to maintain possession."[2] *Saroki, supra*, at * 5.

Under Michigan law, a "contract is implied in fact where the intention as to it is not

manifested by direct or explicit words between the parties, but is to be gathered by implication or

proper deduction from the conduct of the parties, language used or things done by them, or other

pertinent circumstances attending the transaction." *Erickson v. Goodell Oil Co.*, 384 Mich. 207,

212, 180 N.W.2d 798, 800 (1970).  Like the plaintiff in *Saroki*, Plaintiffs here allege no facts

implying that they and Defendant entered into an agreement to modify a loan.  *Saroki, supra,* at

* 5.

In addition, this claim also "fails because, under Michigan's statute of frauds, any alleged

promise by a financial institution to modify the terms of a loan must be reduced to writing to be

---

[2]As in *Saroki,* Plaintiffs notably have not alleged that Defendant is the holder of the Note.
"As such, it is not even apparent that Defendant has the authority to comply with the agreement
Plaintiff[s] [are] asking the Court to imply."  *Saroki, supra*, at *5 n.4.

enforceable.  *See* Mich. Compiled Laws § 566.13291); *Crown Tech. Park v. D&N Bank, FSB*, 242 Mich.App. 538, 550, 619 N.W.2d 66, 72 (2000) (interpreting Section 566.132(2) as precluding any claim – 'no matter its label – against a financial institution to enforce the terms of an oral promise to [make a financial accommodation].')"  *Saroki, supra*, at \*5.

Accordingly, this Court shall dismiss Count IV.

**D.    Violation of M.C.L. § 600.3205c**

Like the plaintiff in *Saroki*, in Count V of Plaintiffs' Amended Complaint, Plaintiffs list the requirements of Mich. Comp. Laws § 600.3205c and then merely allege that "Defendant has failed to follow MCL 3205 (c) in that the Defendant has failed to modify Plaintiffs' mortgage." (Pls.' Am. Compl at ¶ 38).  Plaintiffs have therefore not pled sufficient facts to establish a violation of the statute.  *Saroki, supra*, at \*6.  Moreover, as explained in *Saroki*, "courts in the Eastern District of Michigan uniformly have held that a violation of Section 600.3205c is insufficient to justify setting aside a completed foreclosure sale.*"  Saroki, supra*, at \*6 (listing cases).

Accordingly, this Court shall dismiss Count V.

**E.    Assignment Of The Mortgage Without The Note**

As mentioned above, in filing the complaint in this action, Mr. Greenwood added an additional count to his standard cookie-cutter complaint – Count II "Assignment of the Mortgage Without the Note."

Although Defendant's motion challenged this claim on several grounds, because Mr. Greenwood filed his standard cookie-cutter response brief in response to Defendant's motion, he did not address or dispute any of the challenges to this additional claim.  Thus, Plaintiffs do not

9

dispute that this claim should be dismissed.

Moreover, the Court concludes that the complaint is so lacking in supporting factual allegations that this Count fails to state any claim upon which relief may be granted.

Accordingly, the Court shall dismiss this Count II.

### CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's Motion to Dismiss and/or for Summary Judgment is GRANTED and this action is DISMISSED WITH PREJUDICE.

The Court notes that Mr. Greenwood's actions in this case would normally prompt this Court to issue an order directing him to show cause why the Court should not impose Rule 11 sanctions against him. The Court elects not do to so at this time, however, given that Chief Judge Rosen is currently in the process of evaluating whether sanctions should be imposed against Mr. Greenwood for his conduct in filing several similar cases. Nevertheless, IT IS ORDERED that Mr. Greenwood is directed to re-evaluate any other actions that he currently has pending before the undersigned, to determine whether each claim asserted in those actions has an arguable basis in fact and law. If Mr. Greenwood continues to pursue claims without an arguable basis in fact or law, this Court will not hesitate to impose sanctions.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  January 15, 2013

2:12-cv-14599-SFC-DRG   Doc # 9   Filed 01/15/13   Pg 11 of 11   Pg ID 145

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Khaled Rabbah, Yousif Araj, and
Jumana Araj,

      Plaintiffs,

v.                                      Case No. 12-14599

Federal Home Loan Mortgage Corp.,       Honorable Sean F. Cox

      Defendant.
_____/

PROOF OF SERVICE

      I hereby certify that a copy of the foregoing document was served upon counsel of record

on January 15, 2013, by electronic and/or ordinary mail.

                              S/Jennifer McCoy
                              Case Manager